## In the Matter of John B. KENNEDY, Debtor.

### Bankruptcy No. 87–268.

United States Bankruptcy Court, D. Delaware.

Dec. 9, 1987.

David B. Stratton, Laurie Selber Silverstein, Potter, Anderson & Corroon, Wilmington, Del., for trustee.

Anthony A. Figliola, Jr., Wilmington, Del., for debtor.

## BENCH DECISION FOLLOWING DECEMBER 9, 1987 HEARING ON TRUSTEE'S MOTION FOR CERTIFICATE OF CONTEMPT

HELEN S. BALICK, Bankruptcy Judge.

The Kennedy case is a voluntary Chapter 11. It was Mr. Kennedy's failure to comply with court orders that resulted in the appointment of a trustee. The trustee's requests to Mr. Kennedy for turnover of keys to various properties having been ignored resulted in a motion directing that turnover. An order dated November 20 directed the turnover by November 27. In recognition of the fact that the Thanksgiving holiday intervened and that that intervention could have caused some delay in the service of the court's order, the trustee took no action until December 2 when he filed this motion that is presently before the court.

It is clear that the order which has been disobeyed is an administrative order. The trustee is now moving for a certificate of contempt. Mr. Stratton has requested a certificate as a result of the 1987 amendment to the Rules and the lack of any statutory authority giving this court contempt powers. Bankruptcy Rule 9020 does not make any sense. Any reliance of the drafters of that Rule on the position that bankruptcy judges do not have any contempt powers because there is no specific statutory authority belies history and the cases that have held that non-Article III courts have civil contempt powers.

First, all courts have inherent contempt powers to enforce compliance with their lawful orders and no specific statute is required to give a court that civil contempt power. The Bankruptcy Court has the power to enter final judgments and final dispositive orders in core proceedings. This order which has not been obeyed is, as I have said before, an administrative order and thus core. It would be anomalous that this court should not have the power to enforce obedience to that kind of judgment and order by civil contempt but merely find the disobeying party in contempt and report it to the District Court.

The anomaly is apparent. The Rule provides that the Bankruptcy Court has the right to determine contempt but not the power to punish. Such a determination could be an exercise of futility in the event no timely objection is entered to the determination. The reason for that being that under Bankruptcy Rule 9020(c) no objection to a finding of contempt means no review of facts. If there was a finding of contempt, it is hard to believe that the contemnor would file an objection which could very likely result in punishment being imposed when, if no objection is imposed, he is home free. There would be a public

record that a contempt was found but nothing happens if there is no objection.

The issue of criminal contempt is another matter. This court has no criminal jurisdiction. Therefore, it does not have the authority to impose the kind of punishment appropriate to a finding of criminal contempt. Having said all that and realizing that it was a request for a certificate, I reiterate that the Rule doesn't make sense inasmuch as the rest of the Rule must be considered along with its parts. Furthermore, there is no provision for certification.

■ I find that there is a civil contempt and ask that a proposed order be presented by you, Mr. Stratton. That order should include as punishment for the civil contempt a direction that Mr. Kennedy as debtor is directed to pay to the estate the sum of $640 which represents the attorney hours in preparing and submitting this motion; that in the event all keys are not turned over, that from this day forward there shall be a fine of $100 a day payable to the Bankruptcy Court until such time as those keys are in the possession of the trustee. To comply with other bankruptcy practices, I ask, Mr. Stratton, that you file an affidavit to the effect that the hours spent were spent and itemize them as you would for a fee request. An affidavit will satisfy that.